UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PASQUALE JOHN DIPOFI,

        Defendant.

Case Numbers:
04-80707-01 & 07-50695
Honorable Julian Abele Cook, Jr.

ORDER

On April 10, 2007, Magistrate Judge Paul J. Komives[1] (1) denied the Government's motion for the entry of an order that, if granted, would have applied the bond monies to restitution, and (2) directed the Clerk to release these funds to Antonio and Marilyn DiPofi, the parents of the Defendant, Pasquale John Dipofi. Eighteen days later, the Government filed an objection,[2] believing that the decision by the magistrate judge was incorrect when he ruled that it was not entitled to these funds under 28 U.S.C. § 2044.

Opposition to this position by the Government came from several sources. The law firm of Fried, Saperstein & Abatt submits that, as the Defendant's counsel in a prior stage of this litigation,

---

[1] Relying upon 28 U.S.C. § 636(b)(1)(A), this matter was referred to Magistrate Judge Komives on July 19, 2007 for a hearing and a determination of the contested issues.

[2] This objection by the Government was based on Fed. R. Civ. P. 72(a) which provides that the parties to a civil litigation may submit their objections to the district court judge, as permitted under 28 U.S.C. § 636(b)(1), within a period of ten days from the date of the challenged order of the magistrate judge.

1

it is entitled to $27,000 of the bond monies by virtue of a written assignment that had been executed by their former client. The Defendant, in expressing support for his former attorneys' position, also asks the Court to authorize the transmission of the remaining $23,000 to his wife under the hardship exception provided for in 28 U.S.C. § 2044. Finally, the Defendant's parents contend that they are the persons who advanced the monies for the bond which, in their collective opinion, entitles them to receive the contested funds.

In his order, Magistrate Judge Komives determined that the claim of the Defendant's parents "is superior to that of all other claimants, and that they are therefore entitled to the bond money." It was his conclusion that the statute upon which the Government had relied (to wit, 28 U.S.C. § 2044) allows for bond money to be applied for purposes of restitution only if the disputed funds "belong[ed] to" and were "deposited by or on behalf of" the Defendant. Citing to *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996), he noted that "this plain language 'delineates the strict parameters of the statute, specifically preventing the [G]overnment from using the statute as authority in cases' where a third party has provided the funds used to post bond." He opined that the challenged monies did not belong to the Defendant at the time of their deposit with the Court which led him to conclude that "the [G]overnment is . . . not entitled to have the bond money applied to restitution under § 2044." Finally, he was also of the view that the requirements of the bond had been satisfied which, in turn, mandated the release of the funds to the Defendant's parents pursuant to Fed. R. Crim. P. 46.[3]

In its objection to the decision of April 10, 2007, the Government states that Magistrate

---

[3]The magistrate judge's opinion and order mistakenly cited to Fed. R. Crim. P. 42 rather than Fed. R. Crim. P. 46(g). This Rule states in part with emphasis added that "[t]he court *must* exonerate the surety and release any bail when a bond condition has been satisfied[.]"

Judge Komives, "through inadvertence or oversight," did not consider its opposition to the collective claims of Antonio and Marilyn DiPofi when reaching his conclusion to deny its motion. The Government asserts that it "has opposed every motion of [the] Defendant to obtain the bond money for his personal use" which ostensibly supports its view that he has consistently claimed ownership of the funds throughout these legal proceedings.

The Federal Rules of Civil Procedure require the Court to consider timely objections to a magistrate judge's order and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In its examination of the respective positions by the several claimants to the bond monies, the Court determines that the Government has failed to satisfy its burden of demonstrating that the decision of April 10, 2007 is "clearly erroneous" or "contrary to law." Moreover, the Court does not find any merit to the Government's argument that the Defendant's unsuccessful claims of entitlement to the bond monies constitute implied evidences of ownership. It is uncontradicted that the Defendant's parents wired the money to their daughter-in-law to be used as funds for their son's bond in September 2004. According to the Defendant's father, he and his wife caused the monies to be forwarded to their son's wife because they lived in Florida and were unable to personally post the bond on an expedited basis. Finally, the Government has not pointed to any evidence in its submitted objection to the order of April 10, 2007 which satisfactorily contests the sworn testimony of Antonio DiPofi or challenges the financial records that were produced by him to support his claims and those of his wife.

For the reasons that have been set forth above, the Court denies the Government's objection to the order that was entered by Magistrate Judge Komives on April 10, 2007, and, in so doing, adopts his order in full, except as noted above.

IT IS SO ORDERED.

Dated: July 3, 2008                           s/ Julian Abele Cook, Jr.
      Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                            United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2008.

                                                       s/ Kay Alford
                                                       Case Manager